NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX LARSSON, an individual, | No. 22-35478 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-00950-MO |
| v. | |
| DXC TECHNOLOGY SERVICES, LLC, a Delaware limited liability company registered to do business in Oregon as a foreign LLC; TRIBRIDGE HOLDINGS, LLC, a Virginia Limited Liability Company; COMPUTER SCIENCES CORPORATION, a Nevada corporation registered to do business in Oregon as a foreign corporation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 13, 2023
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and BAKER,** International Trade Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Alex Larsson, a former software salesperson at DXC Technology Services, appeals the district court's grant of summary judgment to DXC on his unpaid wage claims.

Because the parties are familiar with the facts of this case, we recite only those facts necessary to resolve this appeal: Larsson agreed to an Incentive Compensation Plan that outlined some additional "standard" compensation he could expect to receive beyond his base salary. The Plan provided for proportional incentive payment for every level of sales, with the proportion increasing after a salesperson surpassed the standard or expected quota. Incentive compensation was paid within 90 days after the end of the quarter against which it was measured, and an employee had to remain at DXC until the payment was made to receive it—but Larsson left DXC in January, after the end of the quarter but prior to payment. The district court, applying *Martin v. DHL Express (U.S.A.), Inc.*, 234 P.3d 997 (Or. Ct. App. 2010), granted summary judgment for DXC, holding that the incentive payment was a bonus that an employer may condition on continued employment. *See Walker v. Am. Optical Corp.*, 509 P.2d 439, 442 (Or. 1973). Reviewing de novo, *see Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 918 (9th Cir. 2009), we reverse and remand.

Applying *Martin*, we conclude that the incentive payments were a "regular part of a [DXC] salesperson's compensation" because (1) Larsson received some

incentive pay for selling even one percent of his "quota," and (2) such payments were not intended to reward "performance . . . above and beyond what is usually expected." 234 P.3d at 1001–02. Once sales were made, the payments were not contingent in any sense and were not akin to a bonus under the *Martin* factors. Thus, the payments were "due and owing" at the end of the quarter in which they were earned. Or. Stat. §§ 652.120; 652.140.

Accordingly, we reverse and remand for the district court to determine whether and to what extent Larsson may be entitled to penalty wages under Or. Stat. § 652.150 and attorneys' fees under Or. Stat. § 652.200.[1]

**REVERSED AND REMANDED.**

---

[1] Because we decide this case based on a straightforward application of existing Oregon caselaw, we decline Larsson's invitation (Dkt. 16) to certify questions to the Oregon Supreme Court.

3